IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ISAAC P. LECOMPTE, | § | |
| | § | No. 188, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1407012891 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 2, 2016
Decided: November 2, 2016

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN,** Justices.

## **O R D E R**

This 2nd day of November 2016, having considered the appellant's opening brief, the State's answering brief, and the Superior Court record, it appears to the Court that:

(1) In October 2015, following a three-day trial, a Superior Court jury convicted appellant, Isaac P. Lecompte, of Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited. On March 18, 2016, Lecompte was sentenced to a total of 8 years at Level V incarceration. This is Lecompte's appeal.

(2) The sole issue on this appeal is whether the Superior Court was within its discretion to admit into evidence a redacted videotape of a statement Lecompte

gave to the police, which included the statement "Hey, if that's my gun, y'all say that's my gun, I'll take my time for my gun."[1] Lecompte was arrested after, among other things, a gun was found at his residence. Lecompte argues that the videotaped statement had limited relevance, was confusing, and its probative value was substantially outweighed by its prejudicial value. The Superior Court carefully reviewed the videotaped statement and listened to each party's arguments discussing its admissibility. The Superior Court determined that parts of the statement were probative—for instance, the portions relating to the gun and statements corroborating where Lecompte lived—and that these parts were not substantially outweighed by any prejudice. The Superior Court admitted into evidence less than 13 minutes of the approximately 28 minute statement. Although Lecompte argues that some of his remarks were sarcastic, including the one referring to the gun, the question of whether Lecompte's statement was an admission that he owned the gun, as the State asserted, or was just a sarcastic reaction to police questioning, as Lecompte maintained, was one for the jury to decide for itself. That a jury might consider Lecompte's statement an admission is not prejudice of the kind to which Rule 403 is addressed,[2] it is simply a risk that

---

[1] Appellant's Opening Br. at 12.

[2] *See* 2 JOSEPH M. MCLAUGHLIN, WEINSTEIN'S FEDERAL EVIDENCE § 403.04 [1] (2d ed. 2016) ("Virtually all evidence is prejudicial to one party or another. When a defendant is being prosecuted for exactly what the evidence depicts, courts consistently have rejected Rule 403 challenges.") (internal quotations omitted). *See also Moorhead v. State*, 638 A.2d 52, 55 (Del. 1994) ("[T]he admission of evidence becomes **unfairly** prejudicial when the evidence has an

Lecompte's statement will be found to be directly probative of a key fact central to the case against him. The admission of this evidence was not an abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'") (emphasis in original) (quoting Fed. R. Evid. 403 Advisory Comm. Notes); *Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged"); 2 JOSEPH M. MCLAUGHLIN, WEINSTEIN'S FEDERAL EVIDENCE § 403.04 [1] (2d ed. 2016) (noting that "unfairness may be found in any form of evidence that may cause a jury to base its decision on something other than the established propositions in the case," including evidence that "appeals to the jury's sympathies," "arouses jurors' sense of horror," "provokes a jury's instinct to punish," or "triggers other intense human reactions.").